996 F.2d 1227
 21 Media L. Rep. 1691
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norman SINAI, dba "Mr. Corvette," Plaintiff-Appellant,
v.
Mitchell BOOKS, an unincorporated division of Thomson
Publishing Corporation, a Delaware corporation; Motor
Books, a Michigan company; Chilton Book Co., a Pennsylvania
company; Cascade Automotive Resources, Inc., an Oregon
company, Defendants-Appellees.
 No. 92-15442.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 16, 1993.
Decided June 23, 1993.
 
 Before LAY,* HUG and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Norman Sinai, the owner of a Corvette automobile dealership, brought a diversity action against the appellees for alleged errors in certain books concerning emission systems in automobiles. The State of California adopted many of the findings in appellees' books when it instituted emissions standards. Appellant based the suit both on strict liability and negligence theories. The district court granted summary judgment in favor of appellees and we affirm.
 
 
 3
 As an initial matter, the parties have clarified the jurisdictional issue upon which we asked for supplemental briefing by amending the complaint. Accordingly, we have changed the caption to reflect the proper names of the parties to this suit. Diversity jurisdiction is proper.
 
 
 4
 Appellant argues that appellees are liable under a theory of strict liability and that the auto repair books are products. However, appellant's action is for economic damages only. Such an action is not sustainable under strict liability in California. See Seely v. White Motor Co., 63 Cal.2d 9 (1965); Osborne v. Subaru of America, Inc., 198 Cal.App.3d 646, 658 (Ct.App.1988). Thus, any claim based on product liability must fail.
 
 
 5
 Appellant's second claim is for negligent publishing. The district court ruled that appellees did not have a duty to investigate the accuracy of the contents of their publications. This court has rejected appellant's argument in the past. In Winter v. G.P. Putnam's Sons, 938 F.2d 1033 (9th Cir.1991), plaintiffs brought, inter alia, an action for negligence against the publisher of a book that contained information concerning mushrooms. Plaintiffs sued when they fell ill after eating mushrooms that they alleged the book labeled as safe. The court stated that absent an express warranty, publishers "have no duty to investigate the accuracy of the contents of the books it publishes." Id. at 1037. The court concluded that such a duty could not be created because "the gentle tug of the First Amendment and the values embodied therein would remind us of the social costs." Id. Other courts have abided by this view. See, e.g., Demuth Dev. Corp. v. Merck & Co., Inc., 432 F.Supp. 990, 993 (E.D.N.Y.1977) (negligence action cannot be maintained because publisher's "right to publish free of fear of liability is guaranteed by the First Amendment ... and the overriding societal interest in the untrammeled dissemination of knowledge."); Yanase v. Automobile Club of S. California, 212 Cal.App.3d 468 (Ct.App.1989) (publisher of tour guide not liable to plaintiff killed in parking lot of motel listed in guide).
 
 
 6
 Further, appellant's rationale--that appellees are liable because the State (a third party) relied on the publications to determine emission laws--is flawed. This reasoning is faulty because any duty owed would not be to appellant, but to those who actually relied on the work--in this case, the State. See First Equity Corp. v. Standard & Poor's Corp., 869 F.2d 175, 179-80 (2d Cir.1989); Demuth, 432 F.Supp. at 994.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3